UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOAO TOVAR | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| ROBERT INDIANA | ) |
| | ) |
| Defendant | ) |

NOTICE OF REMOVAL

Defendant Robert Indiana ("Defendant") hereby gives notice of the removal of the above-captioned action from the Maine Superior Court, Knox County, pursuant to 28 U.S.C. §§1441(a), 1331 and 1338.  As grounds for removal, Defendant states as follows:

**First Ground for Removal**
**Convention on the Recognition and Enforcement of Foreign Arbitral Awards**

1. Plaintiff Joao Tovar ("Plaintiff") is a domiciliary of the principality of Monaco.

2. Plaintiff filed his Complaint in the Knox County Superior Court on or about May 2, 2012.

3. The causes of action asserted by Plaintiff in his Complaint relate to a license agreement ("Agreement"), containing an arbitration clause,[1] to which Plaintiff claims to be a third-party beneficiary.  Plaintiff alleges, *inter alia*, that Defendant breached the Agreement.

---

[1] Defendant disputes that the document attached to Plaintiff's Complaint as Exhibit 1 is in fact the Agreement at issue.  Extensive litigation in New York federal court has already established that one of the drawings annexed to Plaintiff's Exhibit 1 was not part of the *actual* Agreement.  Defendant reserves all rights in this regard.  Insofar as the arbitration clause appearing in Plaintiff's Exhibit 1 is identical to the one appearing in the actual Agreement, however, the dispute need not be resolved at this stage.

1

4. Section 202 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereafter, the "Convention"), 9 U.S.C. §201 *et seq*, provides that an arbitration agreement falls under the Convention where the "relationship [out of which the agreement arises] involves property located abroad, envisages performance or enforcement abroad or has some reasonable relation with one or more foreign states." 9 U.S.C. § 202.  The relationship alleged in the Complaint – which concerns international art transactions involving a Plaintiff domiciled in Monaco – is such a relationship.[2]

5. Removal of the case to this Court is therefore permissible pursuant to 9 U.S.C. §205, which provides in relevant part that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending."

## Second Ground for Removal
## Copyright

6. Plaintiff's Complaint is also removable based on the completely preempted copyright claim raised by the Complaint.

7. Though artfully pleaded to omit a specific federal claim, the Complaint asserts causes of action requiring determination of whether certain sculptures (known as "English Prem") constitute a "derivative work" of artwork attributed to Defendant (known as "Indian Prem").  *See Gilbert v. Indiana*, No. 09 CV 6352, 2012 WL 688811, at *1 (S.D.N.Y. March 2,

---

[2] For a more thorough discussion of the international character of the relationship at issue – which also involves actors domiciled in India and Germany – *see Gilbert v. Indiana*, No. 09 CV 6352, 2012 WL 688811, at *1 (S.D.N.Y. March 2, 2012), in which the United States District Court for the Southern District of New York examined the facts on which Plaintiff purports to base his claim.

2012) (analyzing, and rejecting, the very same claim of English Prem's "derivative work" status that is alleged in Plaintiff's Complaint). Whether a work is a "derivative" is determined pursuant to the Copyright Act, 17 U.S.C. § 101 (defining a derivative work). *Id.* Therefore, the causes of action asserted in the Complaint arise under the Copyright Act, giving this Court original jurisdiction over the matter. 28 U.S.C. §1338; *see also Gilbert*, 2012 WL 688811, at *1 (conducting Copyright Act analysis of English Prem "derivative work" status).

8. In accordance with 28 U.S.C. § 1446(d), the Defendant is filing a copy of this notice of removal with the Maine Superior Court, Knox County and is sending a copy to Plaintiff's counsel.

DATED: May 29, 2012                         /s/ Melissa A. Hewey
                                            Melissa A. Hewey
                                            Attorney for Defendant
                                            Drummond Woodsum
                                            84 Marginal Way, Suite 600
                                            Portland, Maine 04101
                                            Tel: (207) 772-1941
                                            Fax: (207) 772-3627
                                            mhewey@dwmlaw.com