Gary D. Sesser
Ronald D. Spencer
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3232
*Attorneys for Robert Indiana*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

JOAN TOVAR,                                 :          ECF Case
                                            :
                          Plaintiff,        :          Index No. 12 Civ. 6104 (KBF)
                                            :
          - against -                       :
                                            :          **AFFIDAVIT OF SERVICE**
ROBERT INDIANA,                             :
                                            :
                          Defendant.        :
-------------------------------------------------------------- x

STATE OF NEW YORK  )
                                : ss.:
COUNTY OF NEW YORK )

        EDURIN COLON, being duly sworn, deposes and says:

        1. I am over the age of eighteen years and am not a party to this action.

        2. On Friday, September 21,  2012,  I mailed true and correct copies of  Notice of Initial

Pretrial Conference and a copy of Individual Practice Rules of the Honorable Katherine B.

Forrest both which are attached hereto as Exhibit A,  by placing the same in first class post-paid

envelopes addressed:

                    DAVID A. LOURIE, ESQ.
                    189 Spurwink Avenue
                    Cape Elizabeth, Maine   04107

MARK WARREN MOODY
MW Moody LLC
25 Peck Slip, #2
New York, New York  10028

3. On said day, I deposited said envelopes with a postal clerk at the United States Post Office located at One Hanover Street,  New York, New York.  Attached hereto as Exhibit B are the Certificates of Mailing.

Edurin Colon

Sworn to before me this
21st day of September, 2012

Notary Public

ANTONIO MALASPINA
Notary Public, State of New York
No. 01MA4926741
Qualified in Kings County
Certificate Filed in New York County
Commission Expires April 18, 2014

7089503.1

# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 20, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                              :

Joao Tovar,            Plaintiff(s),    :

                                       :           12-CV-6104 (KBF)

            -v-                :

                                       :        NOTICE OF INITIAL
                                     :           PRETRIAL
Robert Indiana.     Defendant(s).  :          CONFERENCE

                                       :
-----------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      This case has been assigned to the undersigned for all purposes. Counsel for all parties are directed to appear for an initial pretrial conference with the Court, at the time and place listed below. By the date of the initial pretrial conference, counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing. Counsel who appear at the initial pretrial conference must be authorized to bind their clients for all pretrial purposes.

      Counsel are directed to confer with each other prior to the conference regarding each of the subjects to be considered at a Fed. R. Civ. P. 16 conference. Counsel are further directed to use the Court's proposed Scheduling Order form (the "Form") to jointly prepare a proposed schedule for any motions and discovery. Counsel should use a copy of the Form available at http://nysd.uscourts.gov/judge/Forrest.

      The parties shall submit a copy of the completed Form at least four business days prior to the date of the conference. Counsel for the plaintiff(s) is also directed to email a copy of the completed Form to Chambers at ForrestNYSDChambers@nysd.uscourts.gov.

If subject matter jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall submit to the Court, no later than four business days prior to the date of the conference, a letter explaining the basis for the party's belief that diversity jurisdiction exists in this action, consistent with the Court's Individual Practice 6.

Prior to the date of the conference, each party must also send the Court one courtesy copy of all of that party's pleadings.

If this case has been settled or otherwise terminated, counsel are not required to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is sent prior to the date of the conference via email to the Orders and Judgment Clerk at the following email address: orders_and_judgments@nysd.uscourts.gov.

All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time. Counsel are directed to appear promptly.

Requests for adjournment may be made only in a writing received not later than two business days before the conference. The written submission must (a) specify the reasons for the adjournment, (b) state whether the other parties have consented, and (c) indicate times and dates on succeeding Fridays when all counsel are available. Unless counsel are notified by this Court that the conference has been adjourned it will be held as scheduled.

All counsel receiving this notice are directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this notice and the Court's Individual Practices (available at the Court's website, http://nysd.uscourts.gov/judge/Forrest) forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of

the parties, counsel receiving this notice must forthwith send a copy of the notice and Practices to that party personally.

Date and place of conference: October 5, 2012, at 10:00 a.m. at the United States Court House, 500 Pearl Street, New York, New York, in Courtroom 15A.


Dated: New York, New York
      September 20, 2012


                                    _____

                                        KATHERINE B. FORREST
                                        United States District Judge

January 4, 2012

## INDIVIDUAL PRACTICES IN CIVIL CASES
### KATHERINE B. FORREST, UNITED STATES DISTRICT JUDGE

**Chambers**

United States District Court
Southern District of New York
500 Pearl Street, Room 745
New York, NY 10007
(212) 805-0276

**Courtroom**

Joseph Pecorino, Courtroom Deputy
Courtroom 15A
500 Pearl Street
(212) 805-0139

**Unless otherwise ordered by Judge Forrest, these Individual Practices shall apply to all civil matters, except that (i) in patent cases the procedures in Attachment B shall apply to the extent that they are inconsistent with these Individual Practices; and (ii) in cases designated to be part of one of the Court's pilot programs or plans (e.g., Section 1983 Plan or the Case Management Plan for Complex Civil Cases), those procedures shall govern to the extent that they are inconsistent with these Individual Practices.**

1.    **Communications with Chambers.**

   **A. Letters.** Except as otherwise provided below, communications with Chambers shall be by letter for scheduling matters only or relating to routine discovery disputes. Refer to Rule 2.F below for letters concerning discovery disputes. Copies of any letters shall be delivered simultaneously to all counsel. Copies of correspondence between counsel shall not be sent to the Court. Other than as set forth in Rules 2.F, counsel shall not submit letters to Chambers containing argument or raising substantive disputes between the parties. Other than orders to show cause, documents should not be delivered directly to Chambers without prior permission, including by Assistant United States Attorneys or Federal Defenders.

   **B. Telephone Calls.** Except as provided in Paragraph 1.D. below, telephone calls to Chambers are permitted only in emergency situations requiring immediate attention. In such situations only, call (212) 805-0276. Absent extraordinary justification, *ex parte* telephone calls will not be accepted; counsel for all affected parties should be on the line when a call to Chambers is placed, except that similarly situated parties may designate a lead counsel to represent them on such a call.

   **C. Faxes.** Faxes to Chambers are not permitted without prior permission of the Court.

   **D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling and calendar matters, call (212) 805-0139 on weekdays between 9:00 A.M. and 4:30 P.M.

**E. Requests for Adjournments or Extensions.** Requests for adjournments, extensions of time, extensions of page lengths in memoranda, etc., shall be made by letter sent directly to Chambers, and **not by stipulation sent through the Orders and Judgment Clerk.** Parties should not expect the Court to automatically accept the stipulated agreement as to timing of any matter.

Absent an emergency, such requests must be received in Chambers at least 48 hours prior to the scheduled appearance or deadline. All requests for adjournments or extensions of time must state (i) the original due date, (ii) the date or dates sought to be extended, and the new date the party now seeks through an adjournment or extension of time, (iii) the number of previous requests for adjournment or extension, (iv) whether those previous requests were granted or denied, and (v) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. Absent extraordinary circumstances, requests for extensions will be denied if not made before the expiration of the original deadline.

If requesting an adjournment of a court appearance, the party seeking the adjournment should contact the Courtroom Deputy, Joseph Pecorino, at (212) 805-0139 to determine an alternative date for which the Court is available for a rescheduled court appearance. The requesting party should then contact all other parties to determine their availability for that date. Only after determining that an alternate date is convenient for the Court and for all parties should the requesting party submit its request for adjournment.

**F. Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing, as well as the docket number of the case to which it is related (*e.g.*, 11 Civ. 1234 [rel. 10 Civ. 4321]).

2. <u>**Motions.**</u>

**A. Pre-Motion Conferences in Civil Cases.** Pre-motion letters or conferences are not required. Discovery disputes are governed by the procedures set forth in Rule 2.F. below.

**B. Filing of Motion Papers.** Motion papers shall be filed promptly after service. Discovery disputes are not raised by motion unless directed by the Court.

**C. Courtesy Copies.** <u>Two</u> courtesy copies of all motion papers and all accompanying exhibits, marked as such, should be submitted to Chambers <u>by the movant, at the time the reply is served</u>. Courtesy copies should not be submitted to Chambers at the time of filing.

**D. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities. Page limits are exclusive of signature block(s). Sur-reply memoranda will not be accepted without

2

prior permission of the Court. Counsel should refrain from including argumentation in footnotes. Argument(s) should be within the body of the memorandum only. All memoranda shall be submitted in accordance with Local Civil Rule 11.1.

**E. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing papers are filed. Whether or not requested, the Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**F. Discovery Disputes.** Follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If the meet-and-confer process does not resolve the dispute, the party seeking relief may write a letter to the Court, no longer than three single-spaced pages (exclusive of letterhead and signature block(s)), explaining the nature of the dispute, describing the meet-and-confer process and representing that such process was unsuccessful. If the opposing party wishes to respond, it must do so within 72 hours of receipt of the original letter. If a party seeking relief in a discovery dispute serves the letter on a Friday, any opposing party may serve a response the following Wednesday at noon Eastern. Counsel should refrain from including argumentation in footnotes. Argument(s) should be within the body of the letter only.

**G. Default Judgments.** A plaintiff seeking a default judgment must proceed by way of an order to show cause pursuant to the procedure set forth in Attachment A.

3. **Pretrial Procedures.**

**A. Joint Pretrial Orders in Civil Cases.** Unless otherwise directed by the Court, within 20 days from the date for the completion of discovery in a civil case or, if a dispositive motion has been filed, within 20 days of its decision, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

    i.    The full caption of the action.

    ii.    The names, addresses (including law firm names), telephone and fax numbers of trial counsel.

    iii.    A brief statement by the plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction (which shall include citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount).

    iv.    A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including

citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

v.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days requested.

vi.    A statement as to whether all parties have consented to trial of the case by a magistrate judge, without identifying which parties have or have not consented.

vii.    Any jointly-agreed stipulations or statements of fact or law.

viii.    A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition, and the true estimated length of the testimony.  The opposing party shall state the estimated length of time for cross-examination of any witnesses who will testify live.

ix.    A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party, clearly stating the basis and any legal support for such objection, with sufficient explanation to enable the proposing party to respond and the Court to fully understand the basis for the objection.  The party offering the testimony should review the objection and legal position and determine whether (a) it intends to continue to seek admission; and (b) its position with respect to the objection stated.  If the proposing party continues to seek admission, it should state the legal basis for doing so with sufficient specificity to enable the Court to rule.

Designations and counter-designations should be made in a full mini-script copy of the transcript of any deposition in which a party is designating testimony, with designations and counter-designations made in different colors on the transcript.

x.    A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.  For the exhibits to which a party objects, the objecting party should clearly set forth the basis and any legal support for such objection, with sufficient explanation to enable the proposing party to respond and the Court to fully understand the basis for the objection.  The party seeking admission of such document should review the objection and legal position and determine whether (a) it intends to continue to seek admission; and (b) its position with respect to the objection stated.  IF the

4

proposing party continues to seek admission, it should state the legal basis for doing so with sufficient specificity to enable the Court to rule.

xi.     Two copies of each documentary exhibit sought to be admitted, contained in a looseleaf binder, organized such that the Court can easily refer to the exhibits.

**B. Filings Prior to Trial in Civil Cases.**  Unless otherwise ordered by the Court, with the proposed joint pretrial order, the following should be filed:

i.      In jury cases, joint requests to charge and joint proposed voir dire questions.  For any requests to charge or proposed voir dire for which the parties cannot agree, each party should clearly set forth its proposed charge or question, as well as the grounds on which the Court should use that charge or question and should include citations to any supporting caselaw sufficient to enable the Court to render a decision.  When feasible, proposed jury charges should also be submitted on a USB memory stick or on DVD/CD-ROM in Microsoft Word 2007.

ii.     In non-jury cases, each party should provide proposed findings of fact and conclusions of law.  Proposed findings of fact should be detailed, with specific citations to the record.

iii.    In all cases, motions addressing any evidentiary or other issues which should be resolved *in limine*.

iv.     In any case where such party believes it would be useful, a pretrial memorandum.

**C. Additional Submissions in Non-Jury Cases.**  At the time the joint pretrial order is filed, each party shall serve, but not file, affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the Court has agreed to hear direct testimony during the trial.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at trial.  Only those witnesses who will be cross-examined need appear at trial.  The original affidavit shall be marked as an exhibit at trial.

**D. Filings in Opposition.**  Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than three days before the scheduled trial date:

i.      Opposition to any motion *in limine*.

ii.     Opposition to any legal argument in pretrial memorandum.

5

**E. Courtesy Copies.** <u>Two</u> courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to Chambers on the date of filing or service. With respect to deposition designations, copies should clearly indicate those designations made by plaintiff(s) and those by defendant(s). Voluminous material should be organized in binders.

**F. Trial Schedule.** Trials will generally be conducted Monday through Thursday from 9:00 a.m. to 5:00 p.m., with lunch from 12:45 p.m. to 2 p.m.

4.   <u>Conferences.</u>

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference within two months of the filing of the initial complaint. The Notice of Initial Pretrial Conference will be docketed on ECF. The Notice will, *inter alia*, direct the parties to submit a proposed Scheduling Order to the Court at least four business days prior to the conference date. <u>Two</u> courtesy copies of the pleadings should be delivered to Chambers with a copy of the proposed Scheduling Order. Counsel for the plaintiff is also directed to email a copy of the completed, proposed Scheduling Order to Chambers at ForrestNYSDChambers@nysd.uscourts.gov. If the plaintiff is proceeding *pro se*, counsel for the defendant(s) shall email a copy of the completed, proposed Scheduling Order at the above listed e-mail address.

**C. Additional Conferences.** Additional conferences may be scheduled from time to time as needed.

5.   <u>Policy on the Use of Electronic Devices.</u>

**A. Mobile Phones and Personal Electronic Devices.** Attorneys' use of mobile phones, Blackberries, and other personal electronic devices within the Courthouse and its environs is governed by Standing Order M10-468. Any attorney wishing to bring a telephone or other personal electronic device into the Courthouse must be a member of this Court's Bar, must obtain the necessary service pass from the District Executive's Office, and must show the service pass upon entering the Courthouse. **Mobile phones are permitted inside the Courtroom, but must be kept turned off (and not simply on silent) at all times. Counsel wishing to read or send emails on personal electronic devices should step out of the Courtroom to do so.** Non-compliance with this Rule will result in forfeiture of the device for the remainder of the proceedings.

**B. Computers, Printers, or Other Electronic Equipment.** In order for an attorney to bring into the Courthouse any computer, printer, or other electronic equipment not qualifying as a "personal electronic device," specific authorization is required by Court Order. Any party seeking to bring such equipment into the Courthouse should send a letter to Chambers at least five (5) business days prior to the start of the proceedings in which such equipment is to be used. The letter shall

identify the type(s) of equipment to be used and the name(s) of the attorney(s) or individual(s) who will be using the equipment.  Chambers will coordinate with the District Executive's Office to issue the Order and forward a copy to counsel.  The Order must be shown upon entering the Courthouse with the equipment.

6.     **Other Pretrial Guidance.**

        **A. Redactions and Filing Under Seal.**  Any redactions or filings under seal should be made pursuant to a protective order "So Ordered" by the Court.   In addition to the two (unredacted) courtesy copies (which contain the legend "Filed Under Seal") provided pursuant to Rule 2.C., the parties should also provide the Court with one <u>redacted</u> courtesy copy of the full set of papers in connection with any motion.  The parties should not have any expectation that materials filed under seal at one point in time will remain under seal for the entirety of the litigation.

        **B. Settlement Agreements.**  The Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish the Court to consider retaining jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

        **C. Diversity Jurisdiction Cases.**  In any action in which subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, submit to the Court a letter not exceeding two single-spaced pages (exclusive of letterhead and signature block(s)) explaining the basis for that party's belief that diversity jurisdiction exists.  Counsel should refrain from including argumentation in footnotes.  Argument(s) should be within the body of the letter <u>only</u>.  Where a party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases in which a party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

        **D. Bankruptcy Appeals.**  Briefs in bankruptcy appeals shall be submitted in accordance with Fed. R. Bankr. P. 8009-10.  Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

**ATTACHMENT A**

## DEFAULT JUDGMENT PROCEDURE

1. Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Forrest in Courtroom 15A. Leave blank the date and time of the conference. Judge Forrest will set the date and time when she signs the Order.

2. Provide the following supporting papers with the Order to Show Cause:

   a.   An attorney's affidavit setting forth:

         (i)   the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

         (ii)   the procedural history beyond service of the summons and complaint, if any;

         (iii)   whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

         (iv)   the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

         (v)   legal authority for why an inquest into damages would be unnecessary.

   b.   A proposed default judgment.

   c.   Copies of all of the pleadings.

   d.   A copy of the affidavit of service of the summons and complaint.

   e.   If failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

3. Take the Order to Show Cause and supporting papers to the Orders and Judgments Clerk (Room 240, 500 Pearl Street) for initial review and approval.

4. After the Orders and Judgments Clerk approves the Order to Show Cause, bring all of the papers to Chambers (Room 745, 500 Pearl Street) for the Judge's signature. Also bring a courtesy copy of the supporting papers to leave with Chambers.

5.  After the Judge signs the Order, serve a conforming copy of the Order and supporting papers on the defendant(s).  (Chambers will retain the original signed Order for docketing purposes, but will supply you with a copy. You may also print a copy of the signed Order from the CM/ECF system after the Order has been docketed.)

6.  Prior to the return date, file through the CM/ECF system: (1) an affidavit of service, reflecting that the defendant(s) was/were served with a conforming copy of the Order and supporting papers; and (2) the supporting papers.  (The signed Order itself will be scanned and docketed by Chambers.)

7.  Prior to the return date, take the proposed judgment, separately backed, to the Orders and Judgments Clerk (Room 240, 500 Pearl Street) for the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.

As of February 8, 2012

**ATTACHMENT B**

**JUDGE FORREST'S [REVISED] PROCEDURES FOR PATENT CASES**

These patent procedures apply to all patent cases assigned to Judge Forrest. **The Individual Practices of this Court shall also apply to such actions, except to the extent that they are inconsistent with these procedures** (the parties should, for instance, propose dates by which all fact and expert discovery shall be completed, using the Court's proposed Scheduling Order (available on the Court's website)).

1. **Patent Disclosures.**

   a. **Disclosure of Asserted Claims and Infringement Contentions.** Not later than 14 days after **appearance in this action**, a party claiming patent infringement shall serve a "Disclosure of Asserted Claims and Infringement Contentions." The "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

      i. Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;

      ii. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

      iii. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

      iv. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

      v. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

vi. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

vii. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

viii. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

b. **Document Production Accompanying Disclosure.** Not later than 14 days after service of the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

i. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

ii. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Procedure 1.a.vi, whichever is earlier;

iii. A copy of the file history for each patent in suit; and

iv. All documents evidencing ownership of the patent rights by the party asserting patent infringement.

v. If a party identifies instrumentalities pursuant to Procedure 1.a.vii, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims.

The producing party shall separately identify by production number which documents correspond to each category.

c. **Invalidity Contentions.** Not later than 14 days after service upon it of the document production accompanying the "Disclosure of Asserted Claims and Infringement

2

Contentions," each party opposing a claim of patent infringement shall serve its "Invalidity Contentions" which shall contain the following information:

    i.    The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

    ii.    Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

    iii.    A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

    iv.    Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**d.  Document Production Accompanying Invalidity Contentions.** Not later than 14 days after service of the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

    i.    Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Procedure 1.a.iii chart; and

    ii.    A copy or sample of the prior art identified pursuant to Procedure 1.c.i. which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

The producing party shall separately identify by production number which documents correspond to each category.

**e. Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity.**

    i. <u>Invalidity Contentions If No Claim of Infringement.</u> In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid Procedures 1.a and 1.b shall **not** apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 14 days after the defendant serves its answer, or 14 days after the Initial Pretrial Conference, whichever is later, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party its Invalidity Contentions that conform to Procedure 1.c and produce or make available for inspection and copying the documents described in Procedure 1.d.

    ii. <u>Inapplicability of Procedure.</u> This Procedure 1.e shall not apply to cases in which a request for a declaratory judgment that a patent is invalid is filed in response to a complaint for infringement of the same patent.

**f. Amendment to Contentions.** Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.

**2. <u>Claim Construction Proceedings.</u>**

**a. Exchange of Proposed Terms for Construction, Preliminary Constructions and Extrinsic Evidence.**

    i. Not later than 14 days after service of the "Invalidity Contentions" each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6). Any party contending a claim should be construed shall also clearly and fully set forth its basis for its proposed construction.

    ii. Such party shall identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness's proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

    iii. The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and preparing the Joint Claim Construction and Prehearing Statement.

4

iv.  The parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

**b.  Joint Claim Construction and Prehearing Statement.**  Not later than 20 days after the exchange of proposed terms and preliminary constructions, the parties shall file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

i.  The construction of those terms on which the parties agree;

ii.  Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction;

iii.  An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10. The parties shall also identify any term among the 10 whose construction will be case or claim dispositive. If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 10. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

iv.  The anticipated length of time necessary for the Claim Construction Hearing;

v.  Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction.

**c.  Claim Construction Briefs.**

i.  Not later than 20 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction.

ii.  Not later than 10 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

    iii.  Not later than 5 days after service upon it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**d.  Claim Construction Hearing.** Subject to the convenience of the Court's calendar and to the extent necessary for claim construction, two weeks following submission of the reply brief specified in Procedure 2.c.iii, the Court shall conduct a *Markman* Hearing.

# EXHIBIT B

**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:  EDWIN COLON
CARTER LEDYARD + MILBURN LLP
TWO WALL STREET
NEW YORK, NEW YORK 10005

To:  DAVID A. LOWLIE, ESQ.
189 SPURWINK AVENUE
CAPE ELIZABETH, MAINE 04107

PS Form **3817**, April 2007  PSN 7530-02-000-9065



**UNITED STATES POSTAL SERVICE®**

**Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From:  EDWIN COLON
CARTER LEDYARD + MILBURN LLP
TWO WALL STREET
NEW YORK, NEW YORK 10005

To:  MARK WARREN MOODY
MW MOODY LLC
25 PECK SLIP #2
NEW YORK, NEW YORK 10028

PS Form **3817**, April 2007  PSN 7530-02-000-9065