Gary D. Sesser
Judith M. Wallace
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
(212) 732-3200
*Attorneys for Defendant Robert Indiana*

---------------------------------------------------------------X
JOAO TOVAR,                                :
                                           :
                Plaintiff,       :
                                           :   Index No. 12 CIV. 06104 (KBF)
        - against -                 :
                                           :
ROBERT INDIANA,                            :
                                           :
                Defendant.       :
                                           :
---------------------------------------------------------------X

**DEFENDANT ROBERT INDIANA'S MEMORANDUM OF LAW IN RESPONSE TO
PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO
<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

CARTER LEDYARD & MILBURN LLP
COUNSELORS AT LAW
2 WALL STREET
NEW YORK, N.Y. 10005

(212) 732-3200

7101898.4

# **TABLE OF CONTENTS**

POINT I
      THE AGREEMENT RELIED ON BY TOVAR DOES NOT COVER *ENGLISH PREM* 1

  A.    Tovar Disavows the False Version of the Agreement Annexed to the Complaint...............1

  B.    As a Party in Privity with Gilbert, Tovar Is Precluded From Relitigating the Issue of Whether *English Prem* Is a Derivative Work of *Indian Prem*............................................2

  C.    Tovar's New Argument Regarding the Meaning of "Derivative Works" Is Contradicted by a Plain Reading of the Agreement ...................................................................................2

  D.    Tovar's Reliance on Indiana's Deposition Testimony to Support His Assertions of Ambiguity Is Misplaced..................................................................................................3

POINT II
      TOVAR IS NOT A THIRD PARTY BENEFICIARY OF THE AGREEMENT...............4

  A.    Tovar Is Not a Third Party Beneficiary Because the Agreement Between Gilbert and Indiana Does Not Apply to English Prem..........................................................................5

  B.    Tovar Is At Most an "Incidental Beneficiary" of the Agreement.........................................5

  C.    Cases Cited by Tovar Do Not Support His Contention that Gilbert's Subjective Intent Is Sufficient to Make Tovar a Third Party Beneficiary ........................................................6

POINT III
      TOVAR'S CONCLUSORY ASSERTIONS OF RELIANCE ARE IMPLAUSIBLE........8

POINT IV
      Amendment of the Complaint Would Be Futile.............................................................10

CONCLUSION.................................................................................................................10

# TABLE OF AUTHORITIES

**CASES** Page(s)

*Amron v. Morgan Stanley Inv. Advisors Inc.*,
  464 F.3d 338 (2d Cir. 2006) ...........................................................................................................3

*Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc.*,
  66 N.Y.2d 38 (1985) ......................................................................................................................5

*Gilbert v. Indiana*,
  No. 09 CV 6352 (KBF), 2012 WL 688811 (S.D.N.Y. Mar. 2, 2012) ..................................passim

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................................8

*Mendel v. Henry Phipps Plaza West, Inc.*,
  6 N.Y.3d 783 (2006) .....................................................................................................................5

*Septembertide Publishing, B.V. v. Stein and Day, Inc.*,
  884 F.2d 675 (2d Cir. 1989) ..........................................................................................................6

*Trans-Orient Marine Corp. v. Star Trading Marine, Inc.*,
  925 F.2d 566 (2d Cir. 1991) ..........................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................................3, 8

*Ultramares Corp. v. Touche*,
  255 N.Y. 170 (1931) ......................................................................................................................6

**STATUTES AND RULES**

17 U.S.C. § 101 ...............................................................................................................................3

Fed. R. Civ. P. 11 ............................................................................................................................1

Defendant Robert Indiana hereby submits this memorandum in response to Plaintiff Joao Tovar's supplemental brief, filed October 15, 2012 (the "Supplement").[1] Although Tovar's Supplement fails to provide any valid additional arguments to justify supplemental briefing, it does contain admissions that further demonstrate why Tovar's Complaint must be dismissed based on this Court's decision in *Gilbert v. Indiana*.[2]

## POINT I
## THE AGREEMENT RELIED ON BY TOVAR DOES NOT COVER *ENGLISH PREM*

Tovar's Supplement focuses on his alleged rights under the 2007 Prem Love Agreement (the "Agreement") between Gilbert and Indiana, which he relies upon for each and every one of his claims. Tovar's threshold problem is that even all buyers of artwork from Gilbert were deemed to be third-party beneficiaries of the Agreement, under this Court's prior ruling in the *Gilbert* case, the Agreement does not cover *English Prem,* the works purchased by Tovar.

**A.   Tovar Disavows the False Version of the Agreement Annexed to the Complaint**

Tovar's Supplement disavows his Complaint and his briefs filed in Maine (including an amendment purporting to comply with Rule 11), by retreating from his false allegation that an image of *English Prem* was attached to the Agreement when it was signed by Gilbert and Indiana in August 2007.[3] Tovar now admits (at p. 3) that "Indiana first saw sketches of English Prem pursuant to a January 21, 2008 letter."

---

[1] Defined terms from Indiana's initial and reply memoranda of law are hereby incorporated by reference.
[2] *Gilbert v. Indiana*, No. 09 CV 6352 (KBF), 2012 WL 688811 (S.D.N.Y. Mar. 2, 2012).
[3] *Compare, e.g.,* Compl. ¶ 9, alleging that Exhibit 1, which includes an image of *English Prem* is "a true and correct copy" of the Agreement. Counsel for Indiana sent Mark W. Moody, counsel for Tovar, two Rule 11 letters on this point, dated March 21, 2011 and July 12, 2012.

1

7101898.4

B.  **As a Party in Privity with Gilbert, Tovar Is Precluded From Relitigating the Issue of Whether *English Prem* Is a Derivative Work of *Indian Prem***

Because Tovar now admits that an *English Prem* image was not attached to the Agreement when it was signed by Gilbert and Indiana in August 2007, he must fall back on the argument that *English Prem* is a "derivative work" within the meaning of the Agreement. In so doing, Tovar's Supplement proposes to relitigate and reverse the decision of this Court in *Gilbert v. Indiana*, i.e., that as a matter of law *English Prem* is *not* a derivative work of *Indian Prem*, the work covered by the Agreement.

Tovar's Supplement speculates regarding the intent of the parties and specifically the meaning of the term "derivative works" in the Agreement, despite the fact that he had no involvement whatsoever in the negotiations and the term itself is not ambiguous. That is impermissible because, among other reasons, Tovar asserts his purported rights based on his purchases from Gilbert, and as a party in privity with Gilbert, he is precluded from relitigating the scope of the Agreement.[4] Tovar's arguments regarding what Gilbert "should" have asked this Court to decide, to preserve issues for Tovar, are therefore irrelevant, particularly as the issue was decided as a matter of copyright law.

C.  **Tovar's New Argument Regarding the Meaning of "Derivative Works" Is Contradicted by a Plain Reading of the Agreement**

The Court's analysis of the plain language of the Agreement in *Gilbert v. Indiana* and its holding that *English Prem* is not a derivative work under the Agreement as a matter of law are equally applicable in Tovar's lawsuit. Tovar's argument that the Agreement is ambiguous[5] is

---

[4] *See* Indiana's initial brief, at pp. 8-9, and his reply brief, at 6-7 (discussing collateral estoppel and *res judicata*).

[5] As discussed in Point III, *infra*, Tovar's new argument that the Agreement is ambiguous substantially undercuts his allegation of reliance on the Agreement. Tovar's admission that he attached a false version to his Complaint also makes it clear that he did not rely on the Agreement.

7101898.4

unsupportable as the Court found no ambiguity in resolving the dispute between the actual contracting parties.[6] A "derivative work" is a term of art in intellectual property law and defined by federal statute.[7] The Agreement on its face is a "license" of "intellectual property."[8] Accordingly, this Court's reasoning in *Gilbert v. Indiana* fully applies here, and bars Tovar's claims, even if he were an intended a third party beneficiary.

Tovar's second argument, that *English Prem* is "a derivative work ... of Indiana's original iconic love sculpture,"[9] is contradicted by the Agreement, which speaks of "creation/production of the Artist's work Prem Love depicted in the attached photos and *their* derivative works."[10] The Agreement authorized derivative works of *Indian Prem*, the work that is the subject of the Agreement. Gilbert had no contractual rights under the Agreement to create derivative works of *LOVE*. As Tovar admits, this is purely a question of contract interpretation.[11]

### D. Tovar's Reliance on Indiana's Deposition Testimony to Support His Assertions of Ambiguity Is Misplaced

Tovar's citations to the Indiana deposition transcript from *Gilbert v. Indiana* are irrelevant to the issues before the Court on this motion to dismiss. Moreover, that transcript actually undermines Tovar's unpleaded claim that Indiana has a "historical" pattern with respect to contracts for "derivative" works that somehow supports Tovar's position. Tovar asserts that

---

[6] "[B]ald assertions and conclusions of law will not suffice" in resisting a motion to dismiss. *Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 344 (2d Cir. 2006). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[7] *See* 17 U.S.C. § 101.

[8] *See* Compl. Ex. 1, pp. 1, 2; *see also* Compl ¶ 9.

[9] Supplement p. 5.

[10] *See* Compl. Ex. 1, p. 1 (emphasis supplied).

[11] *See* Supplement p. 5.

3

the works "Hebrew, Hindi, Nice and English Prem"[12] establish such a pattern. In fact, the only one of those works that was created before 2007 is Indiana's 1970s work *Ahava,* based on the Hebrew word for "love." Tovar does not assert that *Ahava* was produced pursuant to a contract to create a "derivative" work. Indiana testified that he conceived, designed, and personally supervised the foundry casting of the *Ahava* sculpture.[13] *Nice* is not a "prior" work as Tovar contends[14] because the *Nice* Agreement (Exhibit 1 to the Indiana deposition, not attached by Tovar) is dated April 27, 2009 and in fact the *Nice* sculpture was never executed.[15] *Hindi Prem* (also known as *Indian Prem*) is the subject matter of the Agreement.

Finally, Tovar never purchased any of these other works, so it is unclear exactly what his point is. Whether any of these other works are or could be authentic works of Indiana is not before the Court in this action.

## POINT II
## TOVAR IS NOT A THIRD PARTY BENEFICIARY OF THE AGREEMENT

Tovar is not a third party beneficiary of the Agreement because it does not cover the *English Prem* sculptures Tovar purchased from Gilbert beginning in 2008. Accordingly, he is a stranger to the Agreement with no standing to relitigate the obligations of the contracting parties.

---

[12] Supplement p. 3.

[13] *See* Supplement, Ex. 1, at p. 165:5 - p. 166:23 (Indiana "had the idea myself," asked friends to identify the Hebrew word but "slightly redesigned" it himself, and supervised the work of the foundry.)

[14] Supplement p. 5.

[15] *See Gilbert v. Indiana,* 09-CV-06352, Reply Declaration of Gary D. Sesser in Support of Defendant Robert Indiana's Motion to Dismiss [docket item 70], Ex. B-1 (*Nice* agreement); *see also* Supplement, Ex. 1, at p. 56:5 (*Nice* was "many years later"); *id.* at 67:7-15 (*Nice* sculpture not executed). Nor may the *Nice* sculpture ever be executed, given Paragraph 1 of the Settlement Agreement between Gilbert and Indiana incorporated by reference into this Court's April 24, 2012 Stipulation and Order of Dismissal in the *Gilbert* case.

4

A. **Tovar Is Not a Third Party Beneficiary Because the Agreement Between Gilbert and Indiana Does Not Apply to English Prem**

Tovar acknowledges that the New York test for a third-party beneficiary requires (1) a valid and binding contract between other parties; (2) that the contract was intended for the third party's benefit; *and* (3) that the benefit to the third party beneficiary is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate the third party if the benefit is lost. *See, e.g., Mendel v. Henry Phipps Plaza West, Inc.*, 6 N.Y.3d 783, 786 (2006).

Tovar fails this test because there is no valid and binding contract between Gilbert and Indiana with respect to *English Prem*, the work Tovar purchased from Gilbert. Tovar asserts the same purported right as a third party that Gilbert did as a party—to *force* an artist who admittedly did not conceive, design, fabricate or supervise the creation of a work to claim authorship of that work—a claim which this Court correctly concluded was against public policy and amounted to using the Courts to perpetrate a fraud on the public.

B. **Tovar Is At Most an "Incidental Beneficiary" of the Agreement**

The New York State Court of Appeals requires a third-party beneficiary to establish either (a) he is the only one that can enforce a breach; or (b) the agreement clearly evidences on its face intent to allow enforcement by third parties. *See Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc.*, 66 N.Y.2d 38, 45 (1985). The Agreement does neither.

Tovar fails the first part of the test because Gilbert could and did sue Indiana regarding the Agreement, and he lost on the merits. He also fails the second part of the test because neither Tovar nor buyers from Gilbert are even mentioned in the Agreement. The indemnification of

5

Gilbert against third party intellectual property claims[16] creates a right for Gilbert, not for buyers from Gilbert. The Agreement does not require Indiana to render any performance directly to Tovar.[17] Tovar is at most an "incidental" beneficiary.

A plaintiff must overcome a particularly demanding hurdle when he alleges an undefined and unlimited class of beneficiaries, as Tovar does here. Tovar argues that the Agreement was intended to benefit all purchasers of works created pursuant to the Agreement. Presumably the same benefits would extend to those buyers' successors in interest. The Agreement had no express limit on the duration of the Agreement or the number of works or "derivative works." Tovar's argument would create a limitless class of third party beneficiaries. In *Ultramares Corp. v. Touche*, 255 N.Y. 170, 181 (1931), Justice Cardozo held that:

> Something more must then appear than an intention that the promise shall redound to the benefit of the public or to that of a class of indefinite extension. The promise must be such as to "bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost."

Tovar clearly fails this demanding test.

C. **Cases Cited by Tovar Do Not Support His Contention that Gilbert's Subjective Intent Is Sufficient to Make Tovar a Third Party Beneficiary**

No decision cited by Tovar (at pp. 10) supports the notion that one contracting party's secret intent, on its own, would be sufficient to create a class of indefinite and unlimited third party beneficiaries. This is contrary to the basic principle that a contract requires a meeting of the minds.

For example, *Septembertide Publishing, B.V. v. Stein and Day, Inc.*, 884 F.2d 675 (2d Cir. 1989), concerned whether an author was the intended beneficiary of a paperback sublicense

---

[16] *See* Supplement p. 8.
[17] *Compare* Supplement p. 8.

6

7101898.4

agreement. In that case the court considered both the paperback sublicense agreement at issue and a hardcover publishing agreement entered into one day later, which set forth the author's right to royalties. The court concluded that the two back-to-back agreements made the author a third party beneficiary of the paperback sublicense agreement, because the proceeds from the sublicense publishing agreement clearly funded the author royalties owed under the hardcover publishing agreement, and because "the Work and its author are identified in the Paperback Agreement." In contrast, Tovar is not identified by name or description in the Agreement.

Similarly, in *Trans-Orient Marine Corp. v. Star Trading Marine, Inc.*, 925 F.2d 566, 573-574 (2d Cir. 1991), the prior obligations between the parties were apparent. That dispute arose out of an alleged breach of a 1983 five-year exclusive shipping agency agreement between the country of Sudan and Trans-Orient for shipping of grain from a U.S. relief program to Sudan. In 1985, Star was appointed as a new agent despite Trans-Orient's exclusivity. Star and Trans-Orient then entered into an agreement that entitled Trans-Orient to one-third of the brokerage commissions but did not require Trans-Orient to perform any services. The court held that the Sudan was a third-party beneficiary of a promise of forbearance by Trans-Orient. That decision is inapplicable here, as Tovar does not allege that he ever met Indiana or communicated with him. Indeed, there is no allegation that Indiana had even heard of Tovar at the time the Agreement was executed.

Tovar cites no case in which a court extended third-party beneficiary status to an unlimited or unidentified class or number of purchasers. This would be a tremendous expansion of the doctrine, eliminating any concept of privity, with extreme policy implications, and would unimaginably complicate litigation of contracts of all kinds.

7

7101898.4

# POINT III
## TOVAR'S CONCLUSORY ASSERTIONS OF RELIANCE ARE IMPLAUSIBLE

Tovar's attempt to claim reliance on the "for Tovar" certificate is based on vague allegations that deliberately omit the relevant dates.[18] Such "allegations are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554-555).

Since Tovar takes the position that the Court should take judicial notice of the documents filed in the *Gilbert* case,[19] the following chronology should be noted:

- August 2, 2007: Gilbert and Indiana sign the Agreement.[20]
- January 2008: Gilbert first informs Indiana about existence of *English Prem*.[21]
- May 2008: Tovar began purchasing *English Prem* sculptures.[22]
- July 2008: Gilbert visits Indiana and first brings a sample *English Prem* sculpture[23]
- February 2009: Tovar cancelled all pending orders for *English Prem*.[24]
- March-April 2009: Christie's informs Tovar that it is withdrawing *English Prem* from auction because Indiana said it was not his work.[25]
- April 27, 2009: Gilbert obtains Indiana's autograph on *English Prem* certificate[26]
- May 6 and June 3, 2009: Indiana signs letters stating that *English Prem* was created by Gilbert and is not Indiana's work.[27]

---

[18] *See, e.g.,* Compl. ¶ 12, 13, 14, 19, 20.
[19] *See* Supplement p. 1, n. 2. The cases cited by Tovar support the uncontroversial proposition that a court may consider materials annexed to or incorporated by reference in the pleadings or appropriate for judicial notice.
[20] *See* Compl. Ex. 1.
[21] *See Gilbert v. Indiana*, 2012 WL 688811 at *2.
[22] *See* Compl. ¶ 8.
[23] *See* Gilbert Depo. Tr. 159:13-15.
[24] *See* Gilbert Depo. Tr. 181:10 – 182:14. *See also* Gilbert Depo. Exs. 24 and 25 (Tovar invoices from Gilbert).
[25] *See* Gilbert Depo. Ex. 33 (Email from Tovar to Gilbert dated March 26, 2009) and Ex. 34 (Email from Tovar to Gilbert dated April 6, 2009).
[26] *See Gilbert v. Indiana*, 2012 WL 688811 at *3; Gilbert Depo. Ex. 37 (email from Gilbert to Tovar dated April 27, 2009).
[27] *See* Compl. Ex. 4.

Tovar's allegation that he relied on the Agreement is now conclusively undermined. Until he filed his Supplement, Tovar asserted that reliance based on a false version of the Agreement that attached an image of *English Prem*. As Tovar admits in the Complaint, it is *Gilbert* who misrepresented that *English Prem* was Indiana's work. Accordingly, any contractual or warranty claim Tovar has is against Gilbert.[28]

Tovar fails to explain how Indiana is in any way legally responsible to Tovar based on Gilbert's photographs of Indiana with *English Prem*, which apparently were posted on Gilbert's web site without Indiana's knowledge or consent. There is no explanation of how *Gilbert's* conduct creates a cause of action against Indiana, with whom Tovar had no communication whatsoever.[29]

Moreover, Tovar's vague assertions of reliance on the "for Tovar" certificate are at odds with this Court's findings in *Gilbert v. Indiana*. This Court found that *Gilbert* (not Indiana) issued certificates when Gilbert sold *English Prem* beginning in 2008; that Gilbert did not procure Indiana's autograph on a single certificate until April 2009; and that only "several days" elapsed between Indiana's autograph of the certificate for *English Prem* and Indiana's unequivocal written statement that Gilbert created *English Prem*.[30] Tovar would need to plausibly allege reliance within those "days." The Complaint does not (and cannot truthfully) allege any purchases by Tovar of *English Prem* sculptures in that brief period before Indiana made public his view of the authorship of *English Prem*.

---

[28] *See* Compl. ¶ 18.

[29] Indiana's letter dated June 3, 2009, which Tovar attached to his Complaint as Exhibit 4, specifically objects to Gilbert's "misleading" photographs of Indiana and use of Indiana's signature on Gilbert's web site.

[30] *See Gilbert v. Indiana*, 2012 WL 688811 at *3.

9

As noted above, Gilbert admitted, and invoices show, that all Tovar's purchases were completed long before the "for Tovar" certificate was signed on April 27, 2009.[31]

### POINT IV
### AMENDMENT OF THE COMPLAINT WOULD BE FUTILE

Amendment is futile because this Court's decision demonstrates that Gilbert's design, fabrication and sale of *English Prem* as a work by Indiana was not authorized by the Agreement to which Gilbert and Indiana were parties. Tovar has no right to relitigate this holding. Accordingly, Tovar's request for leave to amend should be denied.

### CONCLUSION

For the foregoing reasons, Defendant Robert Indiana respectfully requests that the Court dismiss the Complaint in its entirety and grant such further and additional relief as the Court deems appropriate.

Dated: October 26, 2012

CARTER LEDYARD & MILBURN LLP

*[signature]*

Gary D. Sesser
Judith M. Wallace
2 Wall Street
New York, New York  10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: sesser@clm.com
*Attorneys for Defendant Robert Indiana*

---

[31] The Court's opinion in *Gilbert v. Indiana* (at * 3) contains a minor typographical error, referring to a sale by Gilbert to Tovar of an *English Prem* sculpture for $100,000 in "May 2009." The Gilbert deposition testimony contains the correct date of *2008* (Gilbert Dep. 149:13-25), as does the certificate for that sale cited in the opinion (Sesser Decl. Ex. B(36)). The following paragraph of the Court's decision states that in *April 2009*, Tovar became aware of questions about the object for which he had paid $100,000, making it clear that the purchase happened earlier. This minor error was not material to the *Gilbert* decision, but bears on assertions of reliance here.